UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MARION TINGMAN,

Defendant.

11-Cr-1040 (SHS)
18-Cv-2566 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

Tingman was convicted at trial in July 2013 of being the leader of a cocaine and crack distribution ring centered in Monticello, New York. Between 2006 and 2011, Tingman recruited others to join the conspiracy. Led by defendant, they regularly processed, bagged, distributed, and sold powder cocaine and crack cocaine. (Trial Tr. at 30, 42, 162-77, Docs. 184, 186.) He also protected himself and his drug operation by possessing a shotgun. (Trial Tr. at 243-47, Doc. 186.) After a six-day trial, the jury returned a guilty verdict against Tingman on two counts: 1) conspiracy to distribute powder cocaine and 280 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 2) possession of a firearm in furtherance of a narcotics conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i).

Because the drug conspiracy count carried a mandatory minimum sentence of ten years' imprisonment and the possession of a firearm count carried a mandatory consecutive minimum sentence of five years' imprisonment, Tingman's conviction resulted in a mandatory minimum sentence of fifteen years' imprisonment, to which he was sentenced in May 2014.

Tingman appealed to the Second Circuit, which affirmed the conviction by summary order in 2016. *United States* v. *Tingman*, 642 Fed. App'x 12 (2d Cir. Mar. 14, 2016). He subsequently filed a Section 2255 petition in 2018 to vacate his sentence on the grounds that he had received ineffective assistance of trial counsel, which this Court denied in June 2019. (ECF No. 455.) He has now moved for a reduction of his sentence. (ECF No. 548.) Because the Court finds that Tingman's claims are without merit, his motion is denied.

In this motion for a reduction of his sentence, Tingman claims, *inter alia*, 1) that the 2018 First Step Act retroactively applies the 2010 Fair Sentencing Act's reduction of the crack-cocaine to powdered-cocaine disparity to his sentence, and that because he did not conspire to distribute more than 280 grams of crack cocaine as required under that law, the 10-year minimum does not apply to him; and 2) that his possession of a

shotgun no longer provides a basis for an enhancement under 18 U.S.C. § 924(c) following the U.S. Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). Tingman also claims that "anything, other than a prior conviction, that would increase a defendant's sentence, must be submitted to a jury and found beyond a reasonable doubt." Despite the fact that he was not convicted under an aiding and abetting theory, Tingman urges that "aiding and abetting can no longer support a [section] 924(c) enhancement under the elements clause." Each of those contentions are meritless.

To grant a reduction of Tingman's sentence, the Court must find that 1) "extraordinary and compelling reasons warrant such a reduction," 2) the section 3553(a) factors favor a sentence reduction, and 3) the reduction would be consistent with any applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).[1] It is Tingman's burden to prove that "extraordinary and compelling reasons" exist to justify a reduction in sentence. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). He has failed to meet his burden.

First, Tingman's 2013 trial and 2014 sentencing post-date the Fair Sentencing Act that went into effect in 2010. Thus, the mandatory 10-year minimum for 280 grams or more of crack cocaine that was applied to Tingman's sentence includes the changes made by the Fair Sentencing Act, and the First Step Act that applied the Fair Sentencing Act retroactively to sentencings *prior* to 2010 had no effect on Tingman's sentence. *See* 21 U.S.C. 841(b)(1)(A)(iii).

More importantly, Tingman's assertion that he was only found responsible for "6 grams of crack" in the Presentence Report ("PSR"), (Mot. at 2), is incorrect. The jury found beyond a reasonable doubt specifically that Tingman was either personally involved with or it was reasonably foreseeable to him that the conspiracy involved 280 grams or more of crack cocaine. (ECF No. 192 at 791.) The Court at sentencing found him responsible for the distribution of "at least 8.4 kilograms of crack," or 8,400 grams. (ECF No. 284 at 9-10.) Each of these amounts suffices to trigger the 10-year mandatory minimum established by 21 U.S.C. § 841(b)(1)(A)(iii).

Second, Tingman's possession of a shotgun served as the basis of his section 924(c) weapons charge because he was found to have possessed it in connection with

---

[1] Tingman is also required to have exhausted his administrative remedies before submitting a section 3582(c)(1)(A) motion, and it is unclear whether he has done so. But since this requirement is non-jurisdictional and "may be waived or forfeited by the government," and the government has not raised it on opposition, the Court will consider the motion. *United States v. Fleming*, No. 20-1776-CR, 2022 WL 17543147, at *1 n.1 (2d Cir. Dec. 9, 2022) (quoting *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021)).

drug trafficking. (PSR ¶ 40; ECF No. 192 at 791.) That was and is entirely proper. *See, e.g., United States v. Alston*, 899 F.3d 135, 140 (2d Cir. 2018) (affirming conviction of possessing a firearm in furtherance of drug trafficking in violation of section 924(c)). The case to which Tingman refers, *Johnson v. United States*, held that the unlawful possession of a shotgun under Minnesota law does not qualify as a violent felony for purposes of applying the violent-felony enhancement set forth in the residual clause of 18 U.S.C. § 924(e). 576 U.S. 591 (2015). That provision has no application to Tingman's case.

Third, Tingman also contends that "aiding and abetting can no longer support a [section] 924(c) enhancement." That contention is irrelevant, as the basis of Tingman's section 924(c) enhancement was not aiding and abetting.

Fourth, Tingman cites *Alleyne v. United States*, 570 U.S. 99 (2013), for the proposition that "anything, other than a prior conviction, that would increase a defendant's sentence, must be submitted to a jury and found beyond a reasonable doubt." (Mot. at 3.) In fact, the Supreme Court held in that action that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 570 U.S. at 104. In Tingman's case, the question of how much crack cocaine he was personally involved with or that was reasonably foreseeable to him, which set the mandatory minimum, was in fact submitted to the jury. (ECF No. 192, Trial Tr. at 791 ("DEPUTY CLERK: What is the amount of crack cocaine that the defendant was either personally involved with or that was reasonably foreseeable to him as part of the conspiracy? THE FOREPERSON: 280 grams or more.").) In addition, the question of whether Tingman possessed a firearm in furtherance of the narcotics conspiracy, which increased the mandatory minimum sentence, was also submitted to the jury. (*Id.*) Unlike in *Alleyne*, the Court did not impose a greater mandatory minimum sentence than the jury's finding warranted based on the sentencing court's own finding. *See Alleyne*, 570 U.S. at 118.

Nor do any of the other section 3553(a) factors favor Tingman's early release. Tingman contends that his post-conviction rehabilitation justifies his early release. While the Court agrees that "evidence of postsentencing rehabilitation may be highly relevant" to analyzing the section 3553(a) factors, *Pepper v. United States*, 562 U.S. 476, 491 (2011), Tingman has not offered any evidence of substantial post-sentencing rehabilitation.

3

Accordingly, Tingman's motion for a reduction in sentence is denied.[2] The Clerk of Court is directed to mail a copy of this Order to defendant as follows: Marion Tingman [66905054], FCI Williamsburg, P.O. Box 340, Salters, SC 29590.

Dated: New York, New York
     May 22, 2023

SO ORDERED:

*Sidney H. Stein*

Sidney H. Stein, U.S.D.J.

---

[2] Tingman has also moved for appointment of counsel. Because the Court finds it is "readily ascertainable from the record" that Tingman is ineligible for a reduction in sentence, that motion is denied. *United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010); *United States v. Reddick*, 53 F.3d 462, 464-65 (2d Cir. 1995).